J-S19042-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| SCOTT E. WILLS | : | |
| | : | |
| Appellant | : | No. 2475 EDA 2017 |

Appeal from the PCRA Order July 10, 2017
in the Court of Common Pleas of Bucks County
Criminal Division at Nos.:  CP-09-CR-0004950-2015
CP-09-CR-0005671-2015

BEFORE:   SHOGAN, J., NICHOLS, J., and PLATT*, J.

MEMORANDUM BY PLATT, J.:                        **FILED JULY 13, 2018**

Appellant, Scott E. Wills, appeals from the order of July 10, 2017, that denied, following a hearing, his first petition brought under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  On appeal, Appellant claims he received ineffective assistance of plea counsel.  Appellate counsel has filed a motion to withdraw.  For the reasons discussed below, we grant counsel's motion to withdraw and affirm the denial of the PCRA petition.

We take the underlying facts and procedural history in this matter from our review of the certified record and the PCRA court's October 2, 2017 opinion.   On November 19, 2015, approximately one week before his scheduled trial, Appellant entered a negotiated guilty plea at two separate criminal informations to two counts of robbery, one count each of burglary,

_____
*   Retired Senior Judge assigned to the Superior Court.

criminal trespass, unlawful restraint, theft by unlawful taking, receiving stolen property, and escape. The charges on the first case arose out of a June 16, 2015 robbery of a home wherein Appellant tied up an elderly woman and stole jewelry, a cell phone, and money from her residence. The charge on the second case arose out of Appellant's escape from the district court on August 3, 2015, while he was awaiting his preliminary hearing.

There was an approximately three-day period between Appellant's signing of the written guilty plea colloquy and the plea hearing. Appellant did not seek to withdraw his guilty plea during that period. On November 19, 2015, following a hearing, the trial court accepted the guilty plea and sentenced Appellant in accordance with the terms of the negotiated guilty plea to an aggregate term of incarceration of not less than fifteen nor more than thirty years. Following the plea hearing, Appellant never contacted counsel, did not seek to withdraw his guilty plea, and did not file a direct appeal.

On November 18, 2016, Appellant, acting *pro se*, filed the instant, timely PCRA petition. On November 29, 2016, the PCRA court appointed counsel, who filed an amended PCRA petition alleging ineffective assistance of plea counsel. A PCRA hearing took place on June 30, and July 6, 2017. The PCRA court denied Appellant's PCRA petition on July 10, 2017. The instant, timely appeal followed. Appellant filed a timely concise statement of errors complained of on appeal on July 28, 2017. *See* Pa.R.A.P. 1925(b). On October 2, 2017, the PCRA court filed an opinion. *See* Pa.R.A.P. 1925(a).

- 2 -

On appeal, Appellant raises the following questions for our review:

> a. [Was counsel] ineffective under the Sixth and Fourteenth Amendments to the United States Constitution and Art. I, §9 of the Pennsylvania Constitution [for] coercing [Appellant] to plead guilty when counsel knew he was under the influence of drugs that clouded his judgment given to him by the Bucks County Correctional Facility[?]
>
> b. [Was counsel] ineffective under the Sixth and Fourteenth Amendments to the United States Constitution and Art. I, §9 of the Pennsylvania Constitution for advising [Appellant] to plead guilty when the evidence was not conclusive of guilt[?]
>
> c. [Was counsel] ineffective under the Sixth and Fourteenth Amendments to the United States Constitution and Art. I, §9 of the Pennsylvania Constitution for advising [Appellant] to plead guilty by threatening him with the possibility of unrealistically severe sentences[?]

(***Turner***/***Finley*** Letter, at unnumbered pages 3-4).

Here, as noted, Appellant's court-appointed counsel has petitioned this Court for permission to withdraw and has submitted a ***Turner***/***Finley*** letter. Appellant has not responded to the motion to withdraw. Court-appointed counsel who seeks to withdraw from representing an appellant on appeal of a denial of a PCRA petition on the basis that the appeal lacks merit must review the case zealously. ***See Commonwealth v. Wrecks***, 931 A.2d 717, 721 (Pa. Super. 2007).

> ***Turner***/***Finley*** counsel must then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which the petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.

- 3 -

Counsel must also send to the petitioner: (1) a copy of the "no-merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.

*Id.* (citations omitted). Here, counsel has substantially complied with the dictates of **Turner/Finley**.

When this Court receives a **Turner/Finley** letter, we conduct an independent review of the record in light of the PCRA petition and the issues set forth within it, as well as of the contents of the petition of counsel to withdraw. **See Wrecks**, **supra** at 721. We will grant the petition to withdraw, where, as here, we agree with counsel that the PCRA petition is meritless. **See id.** Accordingly, we grant counsel's petition to withdraw and proceed to conduct an independent review of Appellant's claims.

Our standard of review for an order denying PCRA relief is well settled:

This Court's standard of review regarding a PCRA court's order is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. Great deference is granted to the findings of the PCRA court, and these findings will not be disturbed unless they have no support in the certified record.

**Commonwealth v. Carter**, 21 A.3d 680, 682 (Pa. Super. 2011) (citations and quotation marks omitted).

In the instant matter, Appellant claims that he received ineffective assistance of plea counsel. (**See Turner/Finley** Letter, at unnumbered pages 3-4). "A criminal defendant has the right to effective counsel during a plea process as well as during trial." **Commonwealth v. Rathfon**, 899 A.2d 365,

- 4 -

369 (Pa. Super. 2006) (citation omitted). Further, "[a]llegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea." *Commonwealth v. Hickman*, 799 A.2d 136, 141 (Pa. Super. 2002) (citation omitted). Also, "[w]here the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends upon whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." *Id.* (internal quotation marks and citations omitted).

We presume that counsel is effective, and Appellant bears the burden to prove otherwise. *See Commonwealth v. Bennett*, 57 A.3d 1185, 1195 (Pa. 2012). The test for ineffective assistance of counsel is the same under both the Federal and Pennsylvania Constitutions. *See Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Commonwealth v. Jones*, 815 A.2d 598, 611 (Pa. 2002). Appellant must demonstrate that: (1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the proceedings would have been different. *See Commonwealth v. Pierce*, 786 A.2d 203, 213 (Pa. 2001), *abrogated on other grounds, Commonwealth v. Grant*, 813 A.2d 726 (Pa. 2002). A failure to satisfy any prong of the test for ineffectiveness will require rejection

of the claim. ***See Jones***, ***supra*** at 611. Where, as here, Appellant pleaded guilty, in order to satisfy the prejudice requirement, he must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." ***Rathfon***, ***supra*** at 370 (citation omitted). Appellant has failed to do so.

Appellant first claims that plea counsel was ineffective for allowing him to plead guilty while he was under the influence of psychotropic medication, which allegedly clouded his judgment. (***See Turner***/***Finley*** Letter, at unnumbered pages 4-5). The record does show that Appellant was taking psychotropic medication. (***See*** Written Guilty Plea Colloquy, 11/16/15, at 2). However, nothing demonstrates that it clouded his judgment.

Initially, we note that, in the written guilty plea colloquy, which as noted above, Appellant signed three days prior to the guilty plea hearing, he acknowledged that he was taking medication but stated that it did not affect his ability to understand the proceedings. (***See id.*** at 2, 9). Appellant did not seek to withdraw his plea or continue his plea hearing in the days between executing the written plea colloquy and the plea hearing.

At the plea hearing, when asked if his responses to the question asked in the written colloquy would be the same as they were on the date he executed it, Appellant replied "[y]es." (N.T. Guilty Plea Hearing, 11/19/15, at 23). Appellant also admitted at the plea hearing that plea counsel had him assessed for competency and the examiner found he was competent to stand

trial. (*See id.* at 25). Moreover, he completed a drug and alcohol evaluation. (*See id.* at 25, 27-28).

Plea counsel questioned Appellant about his mental health history and placed on the record the fact that Appellant was taking medication. (*See id.* at 28-29). At no point did Appellant ever state that he was unable to understand the proceedings because of the medication. Moreover, as discussed above, Appellant never sought to withdraw his guilty plea at all, let alone on the basis that he was incompetent to enter it because of the psychotropic medication. Further, Appellant did not file a direct appeal.

At the PCRA hearing, plea counsel testified that he was aware that Appellant was on psychotropic medication but that Appellant had never complained to him that the medication was clouding his judgment, and he himself never saw any indication that the medication was affecting Appellant's ability to enter a guilty plea. (*See* N.T. PCRA Hearing, 6/30/17, at 27-29, 32-33, 38-39, 51-53). Moreover, counsel reaffirmed that, because of Appellant's history, he had him examined for competency and that the expert found him competent for trial. (*See id.* at 28-29, 48-49).

At the PCRA hearing, Appellant agreed that an examiner found him competent for trial. (*See* N.T. PCRA Hearing, 7/06/17, at 5-6, 18). He further acknowledged that he understood that he was coming to court in November 2015 to plead guilty. (*See id.* at 6-7). He admitted that he never told either plea counsel or the trial court that the medication in any way affected his

ability to understand the proceedings. (*See id.* at 7-8). He even stated that, at the time he entered the guilty plea, he did not believe the medication caused problems. (*See id.* at 7-8, 14, 30-31). He also conceded that he understood the written guilty plea colloquy and that counsel explained "everything" to him. (*Id.* at 14).

He testified that, it was not until after he was moved from county jail to state prison and the medical staff changed his medications that he began to believe that the medication altered his "mindset" and that he "started questioning how much it played a part in my decision-making to accept the deal in the first place." (*Id.* at 8; *see also id.* at 14). Appellant did not provide any medical evidence to support a contention that the medication he was taking at the time he entered his guilty plea would have impaired his abilities.

Our review of the record demonstrates that there is nothing to support Appellant's belated[1] and self-serving claim that counsel was ineffective for allowing him to plead guilty because the psychotropic medication was impairing his judgment. Moreover, Appellant's insistence that his simultaneous guilty plea to escape was voluntary, undercuts his claim that the medication impaired his judgment with respect to entering the guilty plea for

_____

[1] We note that Appellant admitted at the PCRA hearing that he did not raise the claim that counsel was ineffective for allowing him to plead guilty when he was taking psychotropic medication which clouded his judgment in his original *pro se* PCRA petition. (*See id.* at 33-34).

- 8 -

robbery and the related offenses. (*See* N.T. PCRA Hearing, 6/30/17, at 7-8). Appellant fails to cite any legal support for a contention that a defendant can be incompetent to enter a guilty plea on one set of charges while being competent to enter a guilty plea on another set of charges at the same hearing.

Accordingly, we find that Appellant has failed to set forth the ineffectiveness analysis required by **Strickland**. **See Strickland**, **supra** at 687. Because Appellant has not established any of the three prongs, we must deem counsel's assistance constitutionally effective. **See Commonwealth v. Rolan**, 964 A.2d 398, 406 (Pa. Super. 2008) (holding that where appellant fails to prove any one of three prongs of ineffectiveness test, he does not meet his burden of proving ineffective assistance of counsel, and counsel is deemed constitutionally effective). Thus, there is no basis to upset the PCRA court's finding that Appellant was not entitled to PCRA relief on this issue.

Appellant next argues that plea counsel was ineffective for advising him to plead guilty "when the evidence was not conclusive of guilt." (**Turner**/**Finley** Letter, at unnumbered page 4). The record at the PCRA hearing simply does not support this claim. At the hearing, counsel testified in detail as to the basis for his belief that Appellant could not prevail at trial. He discussed his concern that, despite filing a motion to sever, he believed it would be unsuccessful and that trying the escape charge simultaneously with the robbery charges "would be difficult for a jury trial in this case or any type

of trial" because Appellant escaped on the day of his preliminary hearing on the robbery and related charges. (N.T. PCRA Hearing, 6/30/17, at 19, *see id.* at 43). Counsel explained that, even if he succeeded on his motion to sever, evidence of the escape would be admissible at trial as consciousness of guilt. (*See id.* at 44).

Counsel noted that the evidence showed that the case initially started as a burglary because the eighty-four year-old victim was not present but that when she returned home, Appellant, who was outside the residence, went back in, tied her up, gagged her, and then started rummaging around the house to find items to steal. (*See id.* at 21). He explained that the fact that Appellant could have avoided the more serious charges by remaining outside the residence when he saw the victim return rather than by going back inside and escalating things was a problem. (*See id.* at 34).

Counsel stated that the only possible defense was misidentification and he had an expert look at the case but the expert said her testimony at trial would not be helpful to Appellant. (*See id.* at 21-22, 25). He averred that he believed that the trial court would admit both the victim's out-of-court and in-court identification of Appellant at the preliminary hearing, at trial, and that the victim was a strong witness. (*See id.* at 40-43). He pointed out that the victim contacted the police within minutes of the robbery; the police discovered Appellant only a short distance away from her home by using the

victim's cell phone tracker, and some of the items stolen from her home were in his immediate vicinity. (*See id.* at 23).

Counsel acknowledged that Appellant admitted guilt to him. (*See id.* at 45). He also explained that he believed that he could not put Appellant on the stand to testify at trial in his own defense because of a prior conviction for burglary and other convictions for *crimen falsi*. (*See id.* at 56). He also reiterated his concerns, expressed to Appellant at the time, that, if a jury found him guilty at trial, he would likely face severe consequences at sentencing given Appellant's prior record, the age of the victim, and the fact that Appellant escalated the situation by reentering the residence when the victim came home. (*See id.* at 20-21, 31-32, 34, 46-48).

At the PCRA hearing, Appellant never testified that he told counsel that he was actually innocent or that he wanted to go to trial. He was unable to answer his own attorney's question about what evidence of guilt he believed was inconclusive. (*See* N.T. PCRA Hearing, 7/06/17, at 9). Instead, he baldly stated that he "wasn't the person who committed this crime." (*Id.*). He admitted that he knew that, if he went to trial, the court would admit evidence of his escape. (*See id.*). He also acknowledged that he had stated at his guilty plea hearing that he felt sorry for the victim. (*See id.* at 10). His explanation of why he said this if he was innocent was less than clear. (*See id.*). Appellant then alternately claimed that he pleaded guilty because he was afraid that if he went to trial and the jury convicted him he would get a

lengthy sentence and that he believed he would succeed at trial, despite the evidence and his prior criminal record. (*See id.* at 11-12).

With respect to the question of whether counsel's advice to a defendant to plead guilty was ineffective, this Court has stated:

> . . . where the claim is that counsel ineffectively advised the defendant to accept a plea, the question is simply whether that advice itself is constitutionally sound. Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases. . . .
>
> Herein, [a]ppellant has made no showing whatsoever that the advice to accept the plea was not within the range of constitutionally competent advice. . . . [Here,] there is simply no attorney error to speak of with respect to this advice, which clearly had a reasonable strategic basis designed to effectuate [a]ppellant's interests. . . .
>
> . . . The PCRA court therefore correctly rejected his claim.

*Commonwealth v. Johnson*, 179 A.3d 1153, 1160-61 (Pa. Super. 2018) (citations and quotation marks omitted).

Here, as in *Johnson*, Appellant has simply not shown that counsel's advice to plead did not have "a reasonable strategic basis designed to effectuate [his] interests." *Id.* at 1161. The PCRA court did not err in finding that Appellant was not entitled to PCRA relief on this basis.

In his third claim, Appellant complains that counsel, "threaten[ed] him with the possibility of unrealistically severe sentences." (*Turner*/*Finley* Letter, at unnumbered page 4; *see also id.* at unnumbered page 7). However, the record does not support this claim. Appellant did not testify at

the PCRA hearing that counsel threatened him. Rather, he testified that "attorneys and lawyers" told him that he "would probably receive" a lengthy sentence if he did not plead guilty. (N.T. PCRA Hearing, 7/06/17, at 10). As discussed above, counsel expressed a reasonable basis for his belief that, if found guilty, Appellant would likely receive a sentence on or close to the maximum. (*See* N.T. PCRA Hearing, 6/30/17, at 20-21, 31-32, 34, 46-48). Moreover, Appellant admitted his complaint was less that counsel threatened him and more that counsel, as is required, informed him of the possible maximum sentences, and Appellant did not wish to hear that information. (*See* N.T. PCRA Hearing, 7/06/17, at 15-16). We will not fault counsel for adequately informing his client about the possible maximum range of sentences. The PCRA court did not err in denying Appellant's PCRA petition on this basis.

In any event, we have held that where the record clearly shows that the court conducted a thorough guilty plea colloquy and that the defendant understood his rights and the nature of the charges against him, the plea is voluntary. *See Commonwealth v. McCauley*, 797 A.2d 920, 922 (Pa. Super. 2001). In examining whether the defendant understood the nature and consequences of his plea, we look to the totality of the circumstances. *See id.* At a minimum, the trial court must inquire into the following six areas:

> (1) Does the defendant understand the nature of the charges to which he is pleading guilty?

- 13 -

(2)    Is there a factual basis for the plea?

(3)    Does the defendant understand that he has a right to trial by jury?

(4)    Does the defendant understand that he is presumed innocent until he is found guilty?

(5)    Is the defendant aware of the permissible ranges of sentences and/or fines for the offenses charged?

(6)    Is the defendant aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement?

*Id.* (citation omitted); *see also* Pa.R.Crim.P. 590, Comment.

Defense counsel or the attorney for the Commonwealth, as permitted by the court, may conduct this examination. *See* Pa.R.Crim.P. 590, Comment. Moreover, the examination may consist of both a written colloquy that the defendant read, completed, and signed, and made a part of the record; and an on-the-record oral examination. *See id.*

Here, Appellant signed a written plea colloquy and engaged in an oral colloquy with the trial court. (*See* Written Guilty Plea, 11/16/15, at 9; N.T. Guilty Plea Hearing, 11/19/15, at 2-43). At the guilty plea hearing, Appellant testified that he understood the charges against him, was pleading guilty because he had committed the crimes charged, had signed the written guilty plea colloquy, and understood the written colloquy. (*See* N.T. Guilty Plea Hearing, at 24-26). Appellant agreed that the facts as stated by the Commonwealth were substantially correct; he understood that he could go to

trial and what a trial entailed; he had no questions for his counsel, the Commonwealth, or the trial court; was satisfied with counsel's representation; and wanted to plead guilty. (**See id.** at 11, 15-17, 21, 26). Appellant did not make any complaints or voice any dissatisfaction with counsel's representation during the plea colloquy. (**See id.** at 2-43). As discussed above Appellant never sought to withdraw his guilty plea and did not file a direct appeal.

The statements made during a plea colloquy bind a criminal defendant. **See Commonwealth v. Muhammad**, 794 A.2d 378, 384 (Pa. Super. 2002). Thus, a defendant cannot assert grounds for withdrawing the plea that contradict statements made at that time. **See Commonwealth v. Stork**, 737 A.2d 789, 790-91 (Pa. Super. 1999), *appeal denied*, 764 A.2d 1068 (Pa. 2000). Further, "[t]he law does not require that appellant be pleased with the outcome of his decision to enter a plea of guilty: 'All that is required is that [appellant's] decision to plead guilty be knowingly, voluntarily and intelligently made.'" **Commonwealth v. Yager**, 685 A.2d 1000, 1004 (Pa. Super. 1996) (*en banc*), *appeal denied*, 701 A.2d 577 (Pa. 1997) (citation omitted). Here, Appellant has not shown that his decision to enter the guilty plea was involuntary. He has therefore failed to prove prejudice. Thus, his claims of ineffective assistance of plea counsel lack merit.

Accordingly, we grant counsel's motion to withdraw and affirm the denial of Appellant's PCRA petition.

Motion to withdraw granted. Order affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 7/13/2018*